

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 20, 1957

Mr. William J. Burke
Executive Director
Board of Control
Austin, Texas

Opinion No. WW-168.

Re: Shall the Board of Control
follow the same policy in
awarding contracts for
Armory construction as is
followed in making awards
for other construction
handled by the Board of
Control and/or purchases –
making award to the over-all
low bidder?

Dear Mr. Burke:

You have requested an opinion on the following question:

"Shall the Board of Control follow the same policy in awarding contracts for Armory construction as is followed in making awards for other construction handled by the Board of Control and/or purchases - making award to the over-all low bidder?"

The facts upon which this question is based, as stated in your request, are as follows:

"Bids were received for the construction of a National Guard Armory at Luling, Texas, under file #NG-41-292-57-32. Copy of tabulation of bids is attached. Two bids have been considered, namely that of Horace C. Howard and Zunker Construction Company. On the basis of the tabulations it has been determined by the Armory and the Board of Control that the bid of Zunker Construction Company is the over-all low bid, while the bid of Mr. Howard is the second low over-all bid.

"The question is raised because the Federal Government, at the present time, agrees only to participate to the extent of 75% of the low base bid. Under the base bid formula, the Howard bid is the low base bid, while the Zunker bid is the

second low base bid.  Certain necessary alter-
nates in construction contract, as per copies
of the alternate schedule attached, reveal that
the alternate costs, which are of necessity in-
cluded in the total costs submitted by Mr. How-
ard, are considerably in excess of those submit-
ted by Zunker Construction Company.  Therefore,
the low base bid submitted by Howard, plus the
alternates, produced a higher over-all or total
cost than the base bid of Zunker Construction
Company, plus alternates.  The net result is
that the apparent second high base bid when com-
bined with necessary alternate items in which
the State participates 100%, produces the lowest
total bid and results in a saving to the State
of Texas.

"I am also attaching a copy of H.R. 2107 of
the 84th Congress, First Session, and call your
attention to Page 4, lines 3 through 8 inclusive,
which relates to this transaction and the atti-
tude of the Federal agency involved.

"The Armory Board has advised that funds for
this construction project will expire as of June
30, 1957, hence it is necessary to expedite this
transaction in order to make the award in ade-
quate time to clear for approval prior to the ex-
piration of the allocated funds."

In 1952 the United States government proposed to the
Texas National Guard Armory Board alternative contracts covering
construction of Armory facilities to be erected in the State of
Texas.  The Texas National Guard Armory Board accepted the op-
tion, which provided that the State of Texas would contract for
all work, materials and/or services required for construction of
facilities for armories and in October 1952 entered into such an
agreement.  See Attorney General's Opinion MS-179 (1955), copy
of which is attached hereto.  Section 3 of the National Defense
Facilities Act of 1950 (Ch. 945, P.L. 783) provides:

"Subject to the provisions of section 4 of
this Act, the Secretary of Defense may, in an
amount not to exceed $250,000,000 over a period of
the next five fiscal years, after consultation
with the respective Armed Services Committees of
the Congress- . . .

"(b) contribute to any State such funds as he shall determine to be necessary to expand, rehabilitate, or convert facilities owned by such State to the extent required for the joint utilization of such facilities; and

"(c) contribute to any State such funds for the acquisition, construction, expansion, rehabilitation, or conversion by such State of such additional facilities as he shall determine to have been made essential by any increase in strength of the National Guard of the United States or the Air National Guard of the United States."

The first session of the 84th Congress amended the provisions of the National Defense Facilities Act of 1950 by enacting Ch. 662, P.L. 302, by adding Section 6(b), which provides:

"All construction, expansion, rehabilitation, or conversion of facilities in each State pursuant to sections 3 (b) or 3 (c) of this Act shall be done in accordance with the laws of such State and under the supervision of officials of such State, subject to the inspection and approval of the Secretary of Defense."

Paragraph 3 of Article I of the agreement entered into by the United States Government and the State of Texas in 1952, provides:

"ARTICLE I. The State agrees:

"3. To execute construction or supply contracts under regulations, procedures, and policies in current use by the Government insofar as these do not conflict with the requirements of State law. All such contracts, subcontracts, and change orders shall be subject to prior approval of the Government."

Article II of the agreement provides:

"The GOVERNMENT agrees:

"1. To reserve funds for the purpose of payments directly to the construction contractor or to

the State for its share of the cost of construction of buildings and appurtenances thereto during the life of the contract for said construction.

"2.   To pay the construction contractor or the State as the work progresses for the Government's share of said cost on the basis of the percentage which its portion bears to the total cost, PROVIDED, the total amount paid to the construction contractor or to the State or to both, by the Government shall at no time exceed 75 per centum of the cost of each facility constructed under this agreement."

Paragraph 3 of Article III of the agreement provides:

"3.   The Government shall determine what costs incurred by the State are allowable under the terms and conditions of this agreement."

Similar provisions are contained in individual agreements for the construction of various armories in the State of Texas, including the Armory involved in your request, entered into in May, 1956.

In view of the foregoing it is noted that pursuant to the agreements between the United States Government and the State of Texas, and pursuant to the provisions of the National Defense Facilities Act, 1950, as amended, by the first session of the 84th Congress, the letting of construction contracts for the construction of armories are to be let pursuant to State Law.  See Attorney General's Opinions MS-179 (1955) and S-183 (1956).

Therefore, you are advised that it is the duty of the Board of Control to follow the same policy in awarding contracts for armory construction as is followed in making awards for other construction handled by the Board of Control.

According to your letter bids were received for the construction of the National Guard Armory at Luling, Texas.  On the basis of the tabulation it has been determined by the Texas National Guard Armory Board and the Board of Control that the bid of Zunker Construction Company is the low bid.  Therefore, you are advised that the contract should be awarded to such bidder if it is a responsible bidder and under the agreement the United States Government's share is 75% of the base bid of Zunker

Construction Company, and the State's share is 25% of the base bid of Zunker Construction Company plus 100% of the remainder of the contract.

## SUMMARY

It is the duty of the Board of Control to follow the same policy in awarding contracts for armory construction as is followed in making awards for other construction handled by the Board of Control.

Yours very truly,

WILL WILSON
Attorney General of Texas

By  John Reeves
John Reeves
Assistant

JR:zt:wb

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
Jas. H. Rogers
Jack Goodman
John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Geo. P. Blackburn